UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN BONNER,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JAKE DITZHAZY, et al.,<br><br>Defendants. | Case No. 26-cv-12194<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Shawn Bonner commenced this 42 U.S.C. § 1983 false arrest and excessive force claim against two Redford Township police officers. The complaint alleges that the officers initially detained Bonner while he was travelling in his car, at a slow speed, in the right lane of traffic, with his hazards on. An altercation ensued after Bonner refused the officers' request to produce his driver's license.

Before the Court is Bonner's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Bonner's claims fail as a matter of law. "The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States." *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). The doctrine also governs where a defendant refuses to appear in court and "answer an indictment or arrest warrant after they issue." *United States v. Martirossian*, 917 F.3d 883, 890 (6th Cir. 2019).

"The power of an American court to disentitle a fugitive from access to its power and authority is an equitable one." *In re Prevot*, 59 F.3d at 562. It applies in federal civil cases. *Id.* at 564. And the doctrine may be triggered on account of the plaintiff's fugitive status in a state court criminal proceeding. *Id.* at 566 ("It does not matter that the court of conviction and the court from whose processes the fugitive is excluded are from different sovereigns."). There must, at least, be some connection between the plaintiff's fugitive status and the pending civil matter where the doctrine is invoked. *See Garcia-Flores v. Gonzales*, 477 F.3d 439, 441 (6th Cir. 2007); *see also Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993) ("Absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during 'the ongoing appellate process,' the justifications advanced for dismissal of fugitives' pending appeals generally will not apply.").

A review of the state criminal proceedings stemming from the underlying events in this case indicates that Bonner failed to appear in Michigan's 17th District Court to answer the charge of interfering with the police. The docket reflects that Bonner forfeited his bond. And the state district judge issued a bench warrant for

his arrest, which remains unexecuted.[1] Since Bonner is a fugitive of the law, he cannot proceed with this case. Accordingly,

IT IS ORDERED that Bonner's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Bonner may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

---

[1] For the state court docket, *see* MiCourt Case Search, 17th District Court, *Township of Redford v. Bonner*, Case No. 2023-23134532-OM, https://micourt.courts.michigan.gov/case-search/court/D17/case-details?caseId=2023-23134532-OM-01&tenantKey=D17-82-1616975-00-00&searchUrl=%2Fcourt%2FD17%2Fsearch%3FlastName%3DBonner%26firstName%3DShawn%26page%3D1 (last accessed Sep. 30, 2026).

Dated: September 30, 2026

s/ Robert J. White
Robert J. White
United States District Judge